IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RANDY R. WALKER,

    Petitioner,

v.                                       CASE NO. 5:08-cv-00252-RS-AK

WALTER MCNEIL,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Petitioner's amended petition for writ of habeas corpus, Doc. 6, and Respondent's motion to dismiss. Doc. 16. Petitioner was given additional time to file a response to the motion, Doc. 22, but to date, he has not filed his response, and the deadline for doing so has expired. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the motion to dismiss be granted.

In the instant petition, Petitioner attacks his October, 1993, conviction in Cause No. 93-262 and his November, 1993, conviction in Cause No. 93-263, in the Circuit Court for Bay County, Florida.

Petitioner's conviction in 93-262 has been the subject of numerous court challenges, but for the purposes of this proceeding, only one of those is important. In *Walker v. Moore*, Cause No. 5:98cv275-MMP/AK (N.D. Fla.), this Court denied Petitioner's habeas challenge to 93-262,

Docs. 19, 21, & 22, and Petitioner's request for a certificate of appealability was likewise denied by this Court and the court of appeals. Docs. 28 & 39. Because the conviction in 93-262 has already been the subject of a habeas petition in this Court, pursuant to 28 U.S.C. § 2244(b)(3)(A), the Court cannot consider a second or successive habeas petition until a panel of the Eleventh Circuit has authorized its filing. There is no indication that Petitioner has satisfied the requirements for filing the instant case, and thus, it is not properly before this Court for consideration.[1]

As to the conviction in Cause No. 93-263, the petition is patently untimely. It was affirmed on appeal in *Walker v. State*, 649 So.2d 872 (Fla. Dist. Ct. App. 1995), and became final 90 days thereafter, which was before the effective date of the AEDPA. For convictions which became final before April, 1996, the one-year period for filing a habeas petition began to run from the date of enactment of the AEDPA. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Petitioner therefore had one year from that date to file his petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2244(d)(1)(A). The instant petition was not filed until August, 2008, over ten years out of time. While a properly filed motion for post-conviction relief will toll the running of the statute of limitations, Petitioner did not file any post-conviction motions in state court regarding 93-263 until 2002, *see Walker v. State*, 837 So.2d 972 (Fla. Dist. Ct. App. 2003), long after the statute of limitations had expired, and nothing he did in state court after the expiration of the

---

[1] Petitioner's previous request for leave to file a second or successive petition for a writ of habeas corpus regarding 93-262 in *In re: Randy R. Walker*, Cause No. 04-12871-J (11th Cir.), was denied.

*Case No: 5:08-cv-00252-RS-AK*

statute of limitations serves to revive the time for filing here. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). In other words, the time for filing the instant petition had expired before Petitioner filed the post-conviction motion in state court, and the filing of that motion could not toll a statute of limitations that had already expired. Though the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, Petitioner has not suggested that this is an issue, and a review of the documents reveals nothing to support equitable tolling. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)..

In light of the foregoing, it is respectfully **RECOMMENDED:**

That the motion to dismiss, Doc. 16, be **GRANTED;**

That the amended petition for writ of habeas corpus, Doc. 6, be **DENIED;**

That this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  *16th*  day of April, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.